IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY KIMMELMAN,<br>9331-A Neil Road,<br>Philadelphia, PA  19115,<br><br>           Plaintiff,<br><br>     v.<br><br>SCOTT KRONE,<br>631 Lake Avenue,<br>Wilmette, IL  60091,<br><br>           Defendant. | CIVIL ACTION NO. |

## COMPLAINT

1. This is a simple collection action. Plaintiff Gary Kimmelman loaned $225,000 to Defendant Scott Krone. A written Promissory Note ("Note") governs the loan. The Note required Krone to repay the loan by March 9, 2020. Kimmelman agreed to a courtesy extension until July 9, 2020. That deadline came and went, but Krone has still failed and refused to repay the loan. Pursuant to the express terms of the Note, Kimmelman is entitled to recover the unpaid principal balance of $225,000, interest, and costs of collection, including Kimmelman's reasonable attorneys' fees.

**Parties, Jurisdiction, and Venue**

2. Plaintiff Gary Kimmelman is an adult individual and citizen of Pennsylvania who is domiciled at 9331-A Neil Road, Philadelphia, PA  19115.

3. Defendant Scott Krone, is an adult individual and citizen of Illinois who is domiciled at 631 Lake Avenue, Wilmette, IL  60091.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, because there is complete diversity between Plaintiff, on the one hand, and Defendant, on the other hand, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Pursuant to 28 U.S.C. §1391, venue is proper in this Court because a substantial part of the events and omissions giving rise to the claims occurred in this District.

**Facts**

6. On or about September 9, 2019, Kimmelman loaned Krone the amount of $225,000.

7. The Note sets forth the loan terms. A copy of the Note is attached as Exhibit A.

8. Pursuant to the terms of the Note, Krone was required to repay the entire outstanding principal balance of $225,000 on or before March 9, 2020. (*See* Exhibit A at ¶2).

9. Pursuant to the terms of the Note, Krone also agreed to pay interest on the unpaid principal balance, in the monthly amount of $2812.50. (*See* Exhibit A at ¶2).

10. The Note provides that if Krone (as "Maker") fails to make any payment when due, then that shall constitute an Event of Default. If such failure is not cured in ten (10) days, then the entire unpaid principal balance, together with accrued and unpaid interest, shall become "immediately due and payable, without presentment, demand, notice or protest of any kind, all of which are expressly waived by [Krone]." (*See* Exhibit A at ¶4).

11. The Note further provides that in the Event of Default, "[a]ll costs and expenses of collection, including (without limitation) reasonable fees and expenses of attorneys shall be added to and become a part of the total indebtedness represented by this Note." (*See* Exhibit A at ¶4(b)).

12. Shortly before the original due date of March 9, 2020, (referred to in the Note as the "Maturity Date"), at Krone's request, Kimmelman agreed to extend the Maturity Date to April 9, 2020.

13. Shortly before the first extended Maturity Date of April 9, 2020, Kimmelman agreed, at Krone's request, to extend the Maturity Date one final time, for three (3) months, to July 9, 2020.

14. Krone failed to pay the balance due by the extended Maturity Date of July 9, 2020. Nor has Krone paid the balance due since the extended Maturity Date.

15. Plaintiff Kimmelman has repeatedly notified Krone that an Event Default has occurred. More than ten (10) days have passed, and Krone has not cured the Event of Default.

## COUNT I - BREACH OF CONTRACT

16. Plaintiff incorporates by reference his previous allegations.

17. The Note constitutes an enforceable contract between Plaintiff and Defendant.

18. Plaintiff Kimmelman has performed his obligations under the Note.

19. Defendant Krone has breached the Note, as described above.

20. Kimmelman has been damaged as a proximate result of Krone's breach.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant for the unpaid principal balance of $225,000, ongoing prejudgment and postjudgment interest running from July 9, 2020 at the Pennsylvania statutory rate of six percent (6%); collection costs, including reasonable attorneys' fees and wire transfer fees; and such other and further relief as the Court deems just and proper.

## COUNT II – UNJUST ENRICHMENT (In the Alternative)

22. Plaintiff incorporates by reference his previous allegations.

23. Plaintiff Kimmelman conferred a benefit on Defendant Krone by loaning Krone the $225,000, and Kimmelman expected repayment. But Krone has failed and refused to repay.

24. Defendant Krone has enjoyed the benefit of the loan proceeds that Plaintiff provided, under circumstances in which it is inequitable for Krone to do so.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant for the unpaid principal balance of $225,000, ongoing prejudgment and postjudgment interest running from July 9, 2020 at the Pennsylvania statutory rate of six percent (6%); collection costs, including reasonable attorneys' fees and wire transfer fees; and such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: 3-10-21

/s Michael LiPuma

Michael LiPuma, Esq.
Pa. Bar I.D. 74790
325 Chestnut Street, Suite 1109
Philadelphia, PA  19106
(215) 922-2126
mlipuma@lipumalaw.com