# EXHIBIT A

## PROMISSORY NOTE

**$225,000.00**

**September 9, 2019**

     1.    <u>Principal Amount and Interest.</u> FOR VALUE RECEIVED, the undersigned, **Scott Krone**, an Illinois resident ("Maker"), promises to pay to **_Gary Kimmelman_** ("Payee"), the principal amount of TWO HUNDRED TWENTY FIVE THOUSAND AND NO/100 DOLLARS ($225,000.00), plus interest on the unpaid balance, as hereinafter provided, at a monthly rate of ONE and Twenty Five Hundredths percent (1.25%) ("Note").

     2.    <u>Payment.</u> The entire outstanding principal balance hereof and accrued and unpaid interest thereon shall become due and payable in full on March 9, 2020 (the "Maturity Date"). There shall be no monthly payments of interest prior to the Maturity Date. Interest shall accrue in the amount of $2,812.50 per month until the Maturity Date, at which time the outstanding principal balance in the amount of $225,000.00, plus any accrued and unpaid interest thereon, shall be due and payable. All payments in respect of this Note shall be made in lawful money of the United States of America and delivered to Payee at the address directed by Payee.

     3.    <u>Prepayment.</u> Maker shall have the right to prepay all or any part of the principal or interest due under this Note, without premium or penalty, at any time before the Maturity Date.

     4.    <u>Events of Default; Remedies.</u>

     (a)    *Events of Default.* The occurrence of any one or more of the following events shall constitute an event of default (an "Event of Default") hereunder:

     (i) Maker shall fail to pay any principal or interest on this Note when due, whether at maturity, by acceleration, or otherwise, and such failure continues for ten (10) days after written notice thereof; or

     (ii) Maker shall (1) file or acquiesce in any proceeding in bankruptcy or reorganization, (2) make an assignment for the benefit of creditors, or (3) fail to vacate, discharge or dismiss within thirty (30) days of its initiation either (A) the filing of a proceeding in bankruptcy or reorganization against it, or (B) the appointment of a receiver or trustee for all or any part of Maker's assets or property.

     (b)    *Remedies.* Upon or at any time after the occurrence of an Event of Default hereunder, the entire unpaid principal amount of this Note, together with accrued and unpaid interest thereon, shall, at the option of Payee, become immediately due and payable, without presentment, demand, notice or protest of any kind, all of which are hereby expressly waived by Maker. All costs and expenses of collection, including (without limitation) reasonable fees and expenses of attorneys, shall be added to and become a part of the total indebtedness represented by this Note.

5.   Miscellaneous Provisions.

(a)   *Amendments; Waivers*. This Note may not be modified except by written agreement signed by Maker and Payee, and no provision hereof or breach thereof may be waived except in writing by Payee. The waiver of any term hereof or the breach thereof in any instance shall not be deemed to be a waiver of such term or breach in any other instance or of any other term or breach. Acceptance by Payee of any payment in an amount less than the amount then due shall be deemed an acceptance on account only, and Maker's failure to pay the entire amount then due shall be and continue to be a default. Upon the occurrence of any default, neither the failure of Payee promptly to exercise Payee's right to declare the principal of and accrued interest on this Note to be immediately due and payable, nor the failure of Payee to demand strict performance of any other obligation of Maker or any other person who may be liable hereunder, shall constitute a waiver of any such rights, nor a waiver of such rights in connection with any future default on the part of Maker or any other person who may be liable hereunder.

(b)   *Liability*.   The liability of Maker under this Note shall be absolute and unconditional, without regard to the liability of any other party.

(c)   *Headings; Pronouns*. The descriptive headings of the respective Sections of this Note are inserted for convenience of reference only and shall not be deemed to modify or affect the construction of the provisions which follow them. Any references to Sections contained herein shall be deemed to refer to the Sections hereof unless otherwise specified.

(d)   *Governing Law*. The construction and interpretation of this Note shall be governed in all respects by the laws of the State of Pennsylvania (without regard to its conflicts of laws principles).

(e)   *Notices*. Unless otherwise specifically provided herein, any notice or other communication herein required or permitted to be given shall be in writing and may be personally served or sent by mail and shall be deemed to have been given when delivered in person or one (1) business day after deposit with a nationally recognized overnight courier, with postage prepaid and properly addressed. For purposes hereof, the addresses of the Parties hereto (until notice of a change thereof is delivered as provided in this Section 5(f)), shall be as follows:

To Payee:

Attention:  Gary Kimmelman

To Maker:

Scott Krone
631 Lake Avenue
Wilmette, IL  60091

IN WITNESS WHEREOF, Maker executes this Note and asserts that this Note shall be binding upon the Maker and the benefits of this Note shall inure to Payee.

**MAKER**

**Scott Krone - Individually**

By: _____
      Name: Scott Krone