IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **GARY KIMMELMAN,** | : | |
| | : | |
| Plaintiff, | : | 2:21-CV-1142-CDJ |
| | : | |
| v. | : | |
| | : | |
| **SCOTT KRONE,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF
SUMMARY JUDGMENT MOTION**

1. On or about September 9, 2019, Kimmelman loaned Krone the amount of $225,000. (Complaint (ECF 1) at ¶6; Defendant's Answer (ECF 3) at ¶6).

2. The Note sets forth the loan terms. (Complaint at ¶7; Defendant's Answer at ¶7; *see also* Note, attached hereto as Exhibit A).

3. Pursuant to the terms of the Note, Krone was required to repay the entire outstanding principal balance of $225,000 on or before March 9, 2020. (*See* Exhibit A at ¶2).

4. Pursuant to the terms of the Note, Krone also agreed to pay interest on the unpaid principal balance, in the monthly amount of $2812.50. (*See* Exhibit A at ¶2).

5. The Note provides that if Krone (as "Maker") fails to make any payment when due, then that shall constitute an Event of Default. (Ex. A at ¶4).

6. If such failure is not cured in ten (10) days, then the entire unpaid principal balance, together with accrued and unpaid interest, shall become "immediately due and payable, without presentment, demand, notice or protest of any kind, all of which are expressly waived by [Krone]." (Exhibit A at ¶4).

7. The Note further provides that in the Event of Default, "[a]ll costs and expenses of collection, including (without limitation) reasonable fees and expenses of attorneys, shall be added to and become a part of the total indebtedness represented by this Note." (*See* Exhibit A at ¶4(b)).

8. Shortly before the original due date of March 9, 2020 (referred to in the Note as the "Maturity Date"), Kimmelman agreed, at Krone's request, to extend the Maturity Date to April 9, 2020. (Complaint at ¶12; Defendant's Answer at ¶12; Kimmelman Declaration (attached hereto as Ex. B), at ¶3).

9. Shortly before the first extended Maturity Date of April 9, 2020, Kimmelman agreed, at Krone's request, to extend the Maturity Date one final time, for three (3) months, to July 9, 2020. (Complaint at ¶13; Defendant's Answer at ¶13; Kimmelman Dec. at ¶4).

10. Krone has breached the Note by failing to pay the balance due by the extended Maturity Date of July 9, 2020, or since. (Kimmelman Dec., Ex. B hereto, at ¶5).

11. Plaintiff Kimmelman has notified Krone that an Event of Default has occurred. (*See* Kimmelman Dec. at ¶6 and Exhibit C; *see also* Feb. 23, 2021 letter attached as Exhibit D).

12. Krone has never cured the Event of Default. (Kimmelman Dec., at ¶¶6-7).

13. The unpaid principal due to Kimmelman is $225,000, and Kimmelman has been damaged by Krone's breach. (Note, at ¶¶1-2; and Kimmelman Dec. at ¶5).

14. Under the terms of the Note, Plaintiff Kimmelman is entitled to collect his reasonable attorneys' fees and collection costs. (Note at ¶4(b)).

15. Further grounds for summary judgment are set forth in the accompanying Brief, which is incorporated by reference.

Respectfully submitted,

Dated: 5-25-21 /s Michael LiPuma

Michael LiPuma, Esq.
Pa. Bar I.D. 74790
325 Chestnut Street, Suite 1109
Philadelphia, PA  19106
(215) 922-2126
mlipuma@lipumalaw.com

## **CERTIFICATE OF SERVICE**

I certify that on 5-25-21, I caused a copy of the foregoing document, together with all supporting papers, to be served by ECF upon the following:

>Stanley Edelstein, Esq.
>Fineman Krekstein & Harris
>1801 Market Street
>Suite 1100
>Philadelphia, PA  19103

>/s Michael LiPuma
>Michael LiPuma, Esq.