IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY KIMMELMAN, | : |
| Plaintiff, | : 2:21-CV-1142-CDJ |
| v. | : |
| SCOTT KRONE, | : |
| Defendant. | : |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

Summary judgment for a plaintiff is proper where the action arises out of a contract, and both the terms of the contract and the fact of the breach are clear. This is just such a case. It is undisputed that: (1) Plaintiff Gary Kimmelman loaned Defendant Scott Krone the amount of $225,000; (2) the terms of repayment were set forth in a promissory note ("Note"); (3) the maturity date was July 9, 2020; and (4) Krone failed to pay the amount due by that date, or since. Therefore, Kimmelman is entitled to summary judgment.

**II. FACTS**

The undisputed material facts in support of this Motion for Summary Judgment are set forth in the accompanying Statement of Undisputed Material Facts, which is incorporated by reference.

1

**III. ARGUMENT**

    A. <u>**Summary Judgment Standard**</u>

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact, and that the movant is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a). The initial burden of demonstrating that there is no genuine issue of material fact fall on the moving party. *Id*. Once the moving party has met its burden, the non-moving party must counter with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The non-movants must show more than the "mere existence of a scintilla of evidence" as to the elements on which they bear the burden of production. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986). Bare assertions, conclusory allegations, or suspicions are not sufficient to defeat summary judgment. *Fireman's Ins. Co. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982). In examining the Motion, the Court must draw all reasonable inferences in favor of the non-movant. *InterVest, Inc. v. Bloomberg L.P*., 340 F.3d 144, 159-160 (3d Cir. 2003). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587 (citations and internal quotation marks omitted).[1]

    **B. There Is No Genuine Dispute of Material Fact As To Defendant's Breach of Contract**

Summary judgment is proper in a contract case where the terms are clear and unambiguous. *See Levy v. Gordon-Davis Linen Supply Co*., No. Civ.A. 92-6020, 1993 WL

---

[1] A district court may grant summary judgment before discovery is completed unless the non-movant makes a specific showing of "what particular information is sought [in discovery]; how, if uncovered, it would preclude summary judgment; and why it has not been previously obtained." *See Smith v. Depuy Orthopaedics Inc*., 552 Fed. Appx. 192, 195 (3d Cir. 2014) (citing *inter alia*, *Dowling v. City of Phila*., 855 F.2d 136, 138-139 (3d Cir. 1988)). *See also* Fed.R.Civ.P. 56(d).

101283, at *2 (E.D.Pa. Mar. 29, 1993) (internal citations and quotation marks omitted). Cases involving promissory notes are particularly appropriate for summary judgment. *See LPP Mortgage Ltd. v. Ferris*, Civil Action No. 2011-094, 2014 WL 2459802, at *4 (D.V.I. Jun. 2, 2014) ("Generally, debt actions are well-suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable cases for summary judgment.") (int. quot. omitted) (citing *Pemberton Sales & Service, Inc. v. Bunco Popular de Puerto Rico*, 877 F.Supp. 961, 970 (D.V.I. 1994)). *See also Rochester Drug Cooperative Inc. v. Goodheart Pharmacy, Inc.*, Civil Action No. 16-1787, 2016 WL 6920465, at *2-3 (E.D.Pa. Nov. 23, 2016); *Toronto Dominion (Texas, Inc.) v. Laidlaw, Inc.*, No. Civ.A. 00-1521, 2000 WL 977203 (E.D.Pa. Jul. 17, 2000).

Under Pennsylvania law, which governs the Note, the elements of a claim for breach of contract are: (1) the existence of a contract, including its essential terms; (2) the breach of a contractual duty; and (3) resultant damages. *Lyon Fin. Services, Inc. v. TIDC-Irving*, 392 F.Supp.2d 698, 699 and n.5 (E.D.Pa. 2005) (citations omitted). These elements apply equally where, as here, the contract at issue is a promissory note. *Id*.

In our case, the facts regarding each of these three elements are indisputable. Krone has already admitted that the Note sets forth the parties' agreement regarding the loan, thus establishing the existence of a contract. (Answer (ECF 3) at ¶7). Krone also admitted that the maturity date was July 9, 2020, thus further establishing the contract's essential terms. (Answer at ¶¶8-9). Kimmelman has produced evidence showing that Krone has failed to pay the principal balance due, by the July 9, 2020 due date or since. (*See* Kimmelman Dec. (Ex. B hereto) at ¶5). Kimmelman has further produced evidence of resulting damage. (*Id*.). Krone cannot defeat these showings.

There is also no dispute about the amount of damages. The principal amount due under the Note is $225,000, a fact which Krone does not and cannot dispute. Where, as here, a breach of contract claim is for a definite and liquidated sum ($225,000), then Pennsylvania law dictates that the party whose payment has been withheld is entitled to prejudgment interest as a matter of right. *Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortgage Services L.P.*, 942 F.Supp.2d 516, 529 (E.D.Pa. 2013) (citations omitted). The Pennsylvania statutory prejudgment interest rate is six percent (6%). 41 P.S. §202. Plaintiff is thus entitled to interest at the rate of six percent, running from the maturity date (July 9, 2020) until the date when judgment is entered. Under the Note, Kimmelman also has the clear and indisputable right to recover from Krone the reasonable attorneys' fees and collection costs that Kimmelman incurs in a collection action such as this one. (Note at ¶4(b)). Thus, after the entry of judgment, Kimmelman intends to move pursuant to Fed.R.Civ.P. 54(d)(2) to recover his reasonable attorneys' fees and collection costs.[2]

## IV. CONCLUSION

This is a simple case. Kimmelman loaned $225,000 to Krone. The Note sets forth the clear and unambiguous contract terms. Krone has breached the contract by failing to repay the $225,000. Therefore, Kimmelman is entitled to judgment as a matter of law.

Respectfully submitted,

Dated: 5-25-21

/s Michael LiPuma
Michael LiPuma, Esq.
Pa. Bar I.D. 74790
325 Chestnut Street, Suite 1109
Philadelphia, PA  19106
(215) 922-2126
mlipuma@lipumalaw.com

---

[2] If the Court grants this Motion and enters judgment on Plaintiff Kimmelman's breach of contract claim, then Kimmelman consents to the dismissal of Count II of his Complaint, for Unjust Enrichment, which was expressly pled in the alternative to the Breach of Contract claim.

## **CERTIFICATE OF SERVICE**

I certify that on 5-25-21, I caused a copy of the foregoing document, together with all supporting papers, to be served by ECF upon the following:

>Stanley Edelstein, Esq.
>Fineman Krekstein & Harris
>1801 Market Street
>Suite 1100
>Philadelphia, PA  19103

>/s Michael LiPuma
>Michael LiPuma, Esq.

5