IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| GARY KIMMELMAN | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 2:21-CV-01142-CDJ |
| | : | |
| SCOTT KRONE | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS AND DEFENDANT'S ADDITIONAL FACTS MATERIAL TO PLAINTIFF'S SUMMARY JUDGMENT MOTION**

Defendant Scott Krone responds to Plaintiff's Statement of Material Undisputed Facts in the paragraphs below. Many of the "facts" in Plaintiff's Statement are characterizations of the Note underlying the dispute between the parties or conclusions of law. To help the Court determine which matters the parties dispute, Mr. Krone admits certain paragraphs that might otherwise be denied as conclusions of law or characterizations of documents. Beginning in Paragraph 16, Mr. Krone adds several paragraphs of facts that are also material to the Court's determination of the motion, and which preclude granting Plaintiff's motion, or, at a minimum weigh in favor of deferring it pending limited, specifically targeted discovery and supplemental submissions by counsel.

1.  Admitted.

2.  Admitted.

3.  Defendant does not dispute the characterization of the Note set forth in Paragraph 3.

{01761488;v2}

4.	Defendant does not dispute the characterization of the Note set forth in Paragraph 4.

5.	Defendant does not dispute the characterization of the Note set forth in Paragraph 5.

6.	Defendant does not dispute the characterization of the Note set forth in Paragraph 6.

7.	Defendant does not dispute the characterization of the Note set forth in Paragraph 7.

8.	Admitted.

9.	Admitted.

10.	It is not disputed that Mr. Krone has not paid the inaccurate loan balances demanded by Plaintiff by July 9, 2020 or the extended Maturity Date. But the amounts of those loan balances were not accurate, and Defendant has failed to provide Mr. Krone with an accurate statement of how the purported balances were calculated or how Plaintiff accounted for the $$51,347.50 that Mr. Krone paid to Plaintiff on account of the Note. [Declaration of Scott Krone, submitted as Exhibit A to the accompanying Memorandum ("Krone Declaration"), at ¶11].

11.	Admitted.

12.	Paragraph 12 is a conclusion of law and not a statement of fact.  It is admitted that Plaintiff made repeated demands, but it is denied that the varying amounts in those demands were accurate under, or supported by the Note's terms; Plaintiff admits he did not pay the inaccurate amounts Defendant demanded.

13. Denied. It is denied that the unpaid principal due to Kimmelman is $225,000 on the basis that Plaintiff fails to take into account $51,347.50 that Plaintiff paid to Kimmelman on account on the Note. [Krone Declaration at ¶1 and 2]. To the extent that Paragraph 13 alleges that Plaintiff "has been damaged by Krone's breach", that statement is a conclusion of law.

14. Defendant does not dispute the characterization of the Note set forth in Paragraph 14.

15. Denied as either a conclusion of law or attempt to characterize a document.

**DEFENDANT'S ADDITIONAL FACTS RELEVANT TO PLAINTIFF'S MOTION**

16. Mr. Krone made the following payments—totaling $51,347.50—to Plaintiff on account of the note:

   a. $19,717.50, on or about April 9, 2020, via wire

   b. $3,170.00, on or about May 4, 2020, via check;

   c. $3,170.00, on or about June 3, 2020, via check;

   d. $3,170.00, on or about July 2, 2020, via check;

   e. $3,270.00, on or about September 8, 2020, via wire;

   f. $3,270.00, on or about October 5, 2020, via wire;

   g. $3,270.00, on or about October 30, 2020, via wire;

   h. $3,270.00, on or about December 7, 2020, via wire;

   i. $3,270.00, on or about January 4, 2021, via wire;

   j. $3,270.00, on or about February 3, 2021, via wire;

   k. $2,500, on or about April 6, 2020 via check.

[Krone Declaration at Paragraphs 1 and 2, and Exhibit 1 thereto at Bates No. 80002-80019].

17. In an email dated December 23, 2020 one of Mr. Krone's attorneys requested that Plaintiff provide a payoff statement for the loan. [Krone Declaration at Paragraph 8, and Exhibit 5 thereto at Bates No. 80048].

18. In response, Plaintiff provided varying demands, inconsistent with the Note and inconsistent with each other. [Krone Declaration at Paragraphs 9 and 10, and Exhibit 5 thereto at Bates Nos. 80047 and 80050].

19. On July 1, 2020, Mr. Kimmelman sent me an email that provided the "Balloon payment plus accrued interest [was now] $228,170.00," without providing detail as to how he determined that amount, and Mr. Kimmelman further stated that he would provide an "[e]xtension for additional 3-6 months…New Promissory Note [sic] will be forwarded." *See* Exhibit 2 at 1. [Krone Declaration at ¶3 and Exhibit 2 thereto at Bates No. 80022].

20. Mr. Krone never signed any promissory note other than the Note dated September 9, 2018, which is the Note attached to the Complaint as Exhibit A. [Krone at ¶4].

21. On August 28, 2020, Mr. Kimmelman demanded that Mr. Krone pay $235,080.00 on or before September 9, 2020, "if an extension isn't granted." [Krone Declaration at ¶5 and *See* Email Chain attached as Exhibit 3 thereto at Bates No. 80040]. Mr. Kimmelman's email goes on to state that "the new monthly payment is $3915.00 USD that started on August 9, 2020 and will continue until January 9, 2021 at which time a balloon payment of $225,000 due [sic]." [Krone Declaration at ¶5 and Exhibit 3 thereto at Bates No. 80040].

22. Then, on September 1, 2020, Mr. Kimmelman again purported to change the terms of the loan, whereby he extended the maturity date to January 9, 2021, and demanded a "[n]ew monthly payment [of] $32700.00 USD." [Krone at ¶6, and Exhibit 3 thereto at 80036].

23. On September 4, 2020, Mr. Kimmelman again purported to unilaterally change the loans terms to "[n]ew monthly payment is supposed to be $3670.00 not Mistakenly [sic] written as $3270.00." [Krone Declaration at ¶7, and Exhibit 3 thereto at 80035].

24. On December 23, 2020, in anticipation of the January 9, 2021 extended maturity date that Mr. Kimmelman had referenced in the previous months, one of my attorneys, M. Reas Bowman, emailed Mr. Kimmelman and his attorney, Robert G. Young, to get a payoff amount for the subject loan. [Krone Declaration at ¶8, and Exhibit 5 thereto at 80048].

25. In response, Mr. Kimmelman or his attorney sent correspondence claiming $572,095.00 as of January 9, 2021, with a $130.50 *per diem* due thereafter. [Krone Declaration at ¶10 and Exhibit 5 thereto at Bates No. 80050]

26. Plaintiff has never provided an accounting as to how he accounted for the $51,347.50 that Mr. Krone paid to Plaintiff on account of the Note [ Krone Declaration, ¶11], and without such an accounting, it is impossible to know how much Plaintiff is legitimately owed on the Note, both as to principal and interest.

In further opposition to Plaintiff's motion, Mr. Krone relies on the accompanying Memorandum and Declaration.

                          FINEMAN KREKSTEIN & HARRIS, P.C.

                        By: /s/ Stanley B. Edelstein

                            STANLEY B. EDELSTEIN
                            PA ID #26373
                            1800 Market Street, Suite 1100
                            Philadelphia, PA 19066
                            215-893-8739
                             610-247-1653 (During Covid)
                            sedelstein@finemanlawfirm.com

                            Attorney for Defendant Scott Krone

## CERTIFICATE OF SERVICE

I, STANLEY B. EDELSTEIN, ESQUIRE, hereby certify that on this date I served a true and correct copy of the foregoing electronically via the Court's CM/ECF system, on:

> Michael LiPuma, Esquire
> 325 Chestnut Street, Suite 1109
> Philadelphia, PA  19106
> Attorney for Plaintiff

/s/ Stanley B. Edelstein
**STANLEY B. EDELSTEIN, ESQUIRE**

Dated: June 8, 2021

{01761488;v2}