IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| GARY KIMMELMAN | : | CIVIL ACTION |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | NO. 2:21-CV-01142-CDJ |
|  | : |  |
| SCOTT KRONE | : |  |
| Defendant. | : |  |
|  | : |  |

**DEFENDANT SCOTT KRONE'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**Introduction.**

In his motion, Plaintiff paints this case as an attractive one for summary judgment: a written instrument for a debt, and the alleged failure of the borrower to pay that debt. And this case may at some point be an appropriate one for summary judgment if the obligation is still outstanding. But because Plaintiff's motion omits telling the Court that Defendant has paid Plaintiff more than $50,000 on account of that instrument, and because Plaintiff never told Defendant how he applied Defendant's payments, there is a dispute over the very material fact as to amount to which Plaintiff is entitled. Moreover, without further information in the sole possession of Plaintiff, there is no way for Defendant or the Court to determine the amount of any judgment that might be entered. For the reasons below, the Court should—at a minimum—defer decision on this motion pursuant to F. R. Civ. P 56(d) pending very limited discovery and supplemental submissions.

**Background.**

Plaintiff Gary Kimmelman commenced this case on March 10, 2021 with a two-count Complaint alleging that Defendant Scott Krone had breached his obligations to repay a $225,000 note dated September 9, 2019 with a Maturity Date of March 9, 2020 (the "Note"). Count I—the basis of this motion—alleges breach of contract. Count II—which is not before the Court in this motion and may become moot if the Court grants the motion—alleges unjust enrichment.

Krone filed an Answer on April 6, 2021. The only portion of that Answer that has direct bearing on this motion is the Fourth Defense:

> **"FOURTH DEFENSE**
>
> If it is determined that Defendant is liable to Plaintiff at all—all liability being denied—Plaintiff is not entitled to the amount claimed in the Complaint because he did not properly account for and apply payments made by Defendant to Plaintiff on account of the Note."[1]

Plaintiff filed its summary judgment motion on May 25, 2021. To date, the Court has not noticed a Rule 16 Conference, nor have the parties held a Rule 26(f) conference, or made initial disclosures under 26 (a)(1).

**The Disputed Issue Before the Court.**

The limited number of issues that divide the parties is readily discernable by comparing Plaintiff's Statement of Undisputed Facts with Krone's Response. But "limited" is not the same as none, and the issue on which Plaintiff has not been forthcoming—how he accounted for the more than $50,000 that Mr. Krone paid him—is material to determining the amount of any judgment that might ultimately be entered. At no time has Plaintiff provided Mr. Krone an

---

[1] A True and correct copy of Krone's Answer is attached hereto as Exhibit B.

accurate statement of how purported balances were calculated or how he accounted for payments that Mr. Krone made to him. [Declaration of Scott Krone, "Krone Declaration", at ¶11, Exhibit A hereto].

At the outset, Mr. Krone does not dispute that Plaintiff lent him $225,000 pursuant to the Note, or that he has not fully repaid that amount.  Nor is he under any illusions that if he does not pay to Plaintiff what he still owes Plaintiff, the Court will not at some point enter judgment in favor of Plaintiff for the amount that it determines is properly due.  But Plaintiff has not come forward with sufficient information to allow the Court or Defendant or *anyone* to determine what amount is properly due.  Moreover, as set forth in the Declaration of Scott Krone submitted herewith as Exhibit A, and in Paragraphs 10, 13 and 16 of his Response to Plaintiff's Statement of Undisputed Facts, Plaintiff doesn't tell the Court that between April 2020 and February 2021 Krone paid Plaintiff $51,347.50 on account of the Note.

Did he apply the payments to principal?  To interest ?  And if so, how was that interest calculated?  The answers are critical to determining the amount of any judgment that might be entered if that information were known and determined by the Court to be accurate.

Plaintiff confused the issue by refusing to provide a payoff statement when requested [ Krone Declaration at ¶8 and Bates No. 80048  ] and by demanding varying payment amounts [ Id. ¶9-10, And Bates Nos. 80047 and 88850], one of them in an amount of $572,095 [Bates No. 80050].

Under such circumstances, it neither burdens Plaintiff nor damages him to be required to provide that information in the course of convincing the Court that he is entitled to summary judgment.

{01761668;v1}                                      3

**The Court Should Defer Decision on this Motion Pursuant to F. R. Civ. P 56(d).**

Plaintiff's motion is unripe. The very material issue of how much money Plaintiff is entitled to precludes summary judgment, and based on that the Court can readily deny Plaintiff's motion without prejudice. But Rule 56(f) provides an alternative that might be more palatable to the Court and Plaintiff and would allow the Court to maintain a level of control to move this case toward conclusion, whatever form conclusion may take.

Rule 56 (d) provides:

(d) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT.  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    (1)    defer considering the motion or deny it;

    (2)    allow time to obtain affidavits or declarations or to take discovery; or

    (3)    issue any other appropriate order.

Here, information as to how Plaintiff applied the payments Krone made to him is essential to determining how much is still owed, which is clearly a fact essential for Krone's opposition. Moreover, that information is solely in the possession of Plaintiff, because it is based on calculations—correct ones or incorrect ones—that Plaintiff made.

If the Court does not deny the motion outright, Mr. Krone suggests that the Court consider entering an order deferring decision on present motion, pending some very limited discovery targeted to how Plaintiff accounted for the money that Mr. Krone paid him, then allow counsel to make supplemental submissions before deciding the motion. That discovery would consist of four document requests to Plaintiff, contained in a Request attached hereto as Exhibit

C.[2]  Although Mr. Krone would prefer an outright denial of Plaintiff's motion, a proposed order is submitted herewith following the Rule 56(d) path.

**Conclusion.**

In light of all the foregoing, Defendant Scott Krone respectfully requests that the Court:

- enter an order denying Plaintiff's Motion for Summary Judgment; or
- enter an order pursuant to F. R. Civ. P. 56(d)(1) and (2) deferring ruling on that motion for 60 days pending responses by Plaintiff to document specifically targeted document requests interrogatories and supplemental briefing.

Respectfully Submitted,

FINEMAN KREKSTEIN & HARRIS, P.C.

By: /s/ Stanley B. Edelstein
    STANLEY B. EDELSTEIN

---

[2]  Those requests, which will be served on June 9, 2021 are:

    1.    Each and every document showing or reflecting any payment made to you with respect to or on account of the Note by or on behalf of Plaintiff.

    2.    All statements of account, ledgers, books, records or similar documents showing, reflecting or evidencing each and every payment made to you by or on behalf of Plaintiff, and with respect to each payment.

    3.    To the extent not otherwise produced in response to Requests 1 and 2 above, each and every document indicating how you applied or accounted for each and every payment made to you with respect to the Note by or on behalf of Plaintiff.

    4.    All ledgers, reports, account records and similar documents relating to or pertaining to or evidencing payments received by you on account of the Note.

                         PA ID #26373
                         1800 Market Street, Suite 1100
                         Philadelphia, PA 19066

                         215-893-8739
                         sedelstein@finemanlawfirm.com

                         Attorney for Defendant Scott Krone

## CERTIFICATE OF SERVICE

I, STANLEY B. EDELSTEIN, ESQUIRE, hereby certify that on this date I served a true and correct copy of the foregoing electronically via the Court's CM/ECF system, on:

>Michael LiPuma, Esquire
>325 Chestnut Street, Suite 1109
>Philadelphia, PA  19106
>Attorney for Plaintiff

>/s/ Stanley B. Edelstein
>**STANLEY B. EDELSTEIN, ESQUIRE**

Dated: June 8, 2021