# EXHIBIT B

# Answer to Plaintiff's Complaint

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| GARY KIMMELMAN | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 2:21-CV-01142-CDJ |
| | : | |
| SCOTT KRONE | : | |
| Defendant. | : | |
| | : | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1. Admitted in part, Denied in part. Paragraph 1 is denied as an attempt to characterize documents in writing or as conclusions of law, to which no response is required. To the extent any of the multiple averments in Paragraph 1 can be deemed to be averments of fact, it is admitted only that Plaintiff granted Defendant an extension, and that Plaintiff has not yet repaid the amount presently unpaid against the loan. All other averments of Paragraph 1 are denied.

**Parties, Jurisdiction and Venue**

2. Admitted in part denied in part. It is admitted only that Plaintiff is an adult individual, and that he has used an address of 9331-A Neil Road, Philadelphia. The averment that Plaintiff is a citizen of Pennsylvania and domiciled at the address indicated is denied because Plaintiff lacks knowledge as to the truth of that averment.

3. Admitted.

4. Denied as a conclusion of law to which no response is required.

5. Denied as a conclusion of law to which no response is required.

**Facts**

6. Admitted.

7. Admitted.

8. Denied as a conclusion of law and an attempt to characterize a document in writing, neither of which require a response.

9. Denied as an attempt to characterize a document in writing, to which no response is required.

10. Denied as an attempt to characterize a document in writing, to which no response is required.

11. Denied as an attempt to characterize a document in writing, to which no response is required.

12. Admitted.

13. Admitted.

14. Defendant admits he did not pay the inaccurate loan balances demanded by Plaintiff by July 9, 2020 or the extended Maturity Date.

15. Defendant admits Plaintiff made repeated demands, but denies that said demands were accurate under the Note's terms; Plaintiff admits he did not pay the inaccurate amounts Defendant demanded.

**COUNT I-Breach of Contract**

16. Defendant incorporates by reference his answers to Paragraphs 1 through 15.

17. Denied as a conclusion of law to which no response is required.

18. Denied as a conclusion of law to which no response is required.

{01751194;v4}

19. Denied as a conclusion of law to which no response is required.

20. Denied as a conclusion of law to which no response is required.

**WHEREFORE**, Defendant Scott Krone respectfully requests judgment in his favor, and such other and further relief in its favor as the Court deems just and appropriate.

### COUNT II-Unjust Enrichment

22. Defendant incorporates by reference his answers to Paragraphs 1 through 20.

23. Admitted in part. It is admitted that Defendant has refused to repay inaccurate amounts demanded by Plaintiff.

24. Denied as a conclusion of law to which no response is required.

**WHEREFORE**, Defendant Scott Krone respectfully requests judgment in his favor, and such other and further relief in its favor as the Court deems just and appropriate.

### AFFIRMATIVE DEFENSES

Defendant incorporates by reference his responses to the foregoing paragraphs as if fully set forth herein. Defendant specifically reserves the right to amend these affirmative defenses throughout discovery and trial in this matter. The following affirmative defenses are asserted herein and any inadvertent omission of an affirmative defense shall not be deemed an admission and Defendant does not waive any rights herein.

### FIRST DEFENSE

Plaintiff's Complaint fail to state a claim against Defendant upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claim for unjust enrichment is barred by the existence of, and his claim based on, the Note.

## THIRD DEFENSE

The claims contained within the Complaint are barred, in whole or in part, by the terms of the Note.

## FOURTH DEFENSE

If it is determined that Defendant is liable to Plaintiff at all—all liability being denied—Plaintiff is not entitled to the amount claimed in the Complaint because he did not properly account for and apply payments made by Defendant to Plaintiff on account of the Note.

## FIFTH DEFENSE

The claims contained within the Complaint are barred, in whole or in part, by the doctrine of estoppel.

## SIXTH DEFENSE

The claims contained within the Complaint are barred, in whole or in part, by the failure of a condition precedent.

## SEVENTH DEFENSE

The claims contained within the Complaint are barred, in whole or in part, by the doctrine of waiver.

{01751194;v4}

**EIGHTH DEFENSE**

The claims contained within the Complaint are barred, in whole or in part, by Plaintiff's failure to comply with the terms and conditions of the Note.

**NINTH DEFENSE**

Some of the claims contained within the Complaint are barred, in part, by the doctrine of accord and satisfaction.

**TENTH DEFENSE**

Plaintiff comes into this Court with unclean hands and, for that reason, must take nothing by the Complaint.

Defendant reserves its right to assert additional affirmative defenses as discovery in this matter proceeds.

WHEREFORE, Defendant Scott Krone denies liability on all claims asserted by Plaintiff and respectfully requests that the Court enter judgment in his favor, dismiss Plaintiff's claims with prejudice and award to Defendant reasonable attorneys' fees and costs

                                FINEMAN KREKSTEIN & HARRIS, P.C.

                                By: /s/ Stanley B. Edelstein
                                    STANLEY B. EDELSTEIN
                                    PA ID #26373
                                    1800 Market Street, Suite 1100
                                    Philadelphia, PA 19066

                                    215-893-8739
                                    sedelstein@finemanlawfirm.com

                                    Attorney for Defendant, Scott Krone

## CERTIFICATE OF SERVICE

I, STANLEY B. EDELSTEIN, ESQUIRE, hereby certify that on this date I served a true and correct copy of the foregoing electronically via the Court's CM/ECF system, on:

> Michael LiPuma, Esquire
> 325 Chestnut Street, Suite 1109
> Philadelphia, PA 19106
> Attorney for Plaintiff

> /s/ Stanley B. Edelstein
> **STANLEY B. EDELSTEIN, ESQUIRE**

Dated: April 6, 2021