**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY KIMMELMAN, | : |
| Plaintiff, | : 2:21-CV-1142-CDJ |
| v. | : |
| SCOTT KRONE, | : |
| Defendant. | : |

**PLAINTIFF'S REPLY MEMORANDUM IN FURTHER SUPPORT OF HIS SUMMARY JUDGMENT MOTION**

This remains a simple case. The Note at issue required Defendant Krone to repay the entire principal balance due of $225,000 by the maturity date, and the parties agree that the maturity date was July 9, 2020. Krone does not dispute that he has failed to pay the entire principal balance due by July 9, 2020, or since. This alone entitles Plaintiff Kimmelman to summary judgment as to Krone's *liability* for breach of the Note. But that is not all.

Krone tries to manufacture a factual dispute as to *damages* by pointing to certain monthly payments he made in 2020 and 2021. Kimmelman does not dispute that Krone made most of these payments.[1] But Krone's own submissions establish as a matter of law that the payments referred to were for interest only, in return for extending the maturity date. Specifically, in an email exchange in early April 2020, Plaintiff Kimmelman offered Krone several options "moving forward if you would like to extend the term of the note or make the necessary payment on the 9th." (*See* Krone Doc. pp. 80027-29). One option was to extend the maturity date by paying accrued interest of $19,717.50, then to make ongoing monthly interest payments equaling

---

[1] *See* ¶16 of the accompanying Answer to Krone's "Statement of Additional Facts."

1.4% of the principal balance due. (*Id.* at p. 80028). On April 4, 2020, in response, Krone agreed to pay accrued interest of $19,928.44, and then to make the monthly payments going forward. (*See* Krone Doc. p. 80027). Krone further admitted that he was making the monthly payments in return for an extension of the maturity date to pay the principal. (Krone Doc. p. 80024). The payments thus do not create any genuine dispute of material fact about the failure to pay the entire principal balance due.

The remainder of Krone's arguments, citing communications between the parties about non-payment and also about a potential new promissory note, are an attempt to create the illusion of a factual dispute. However, even if those communications were admissible (some refer to settlement of an unrelated dispute), they do not negate Plaintiff's right to summary judgment because all parties agree that Krone *never agreed* to a new promissory note. (*See* Krone "Statement of Additional Facts" at ¶20.) This argument is thus background noise not relevant to the dispositive issues. Krone has not raised any other defenses to liability.

At a minimum then, Kimmelman is entitled to summary judgment as to Krone's liability for breach of contract, since it is undisputed that Krone has not paid the entire principal balance due. If the Court finds there is any dispute about the amount of prejudgment interest that Krone must pay, or that he has previously paid, then it is respectfully submitted that discovery should be limited to that issue only.

Respectfully submitted,

Dated: 6-15-21

/s Michael LiPuma
Michael LiPuma, Esq.
Pa. Bar I.D. 74790
325 Chestnut Street, Suite 1109
Philadelphia, PA 19106
(215) 922-2126
mlipuma@lipumalaw.com

## CERTIFICATE OF SERVICE

I certify that on 6-15-21, I caused a copy of the foregoing document, together with all supporting papers, to be served by ECF upon the following:

>Stanley Edelstein, Esq.
>Fineman Krekstein & Harris
>1801 Market Street
>Suite 1100
>Philadelphia, PA  19103

>/s Michael LiPuma
>Michael LiPuma, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY KIMMELMAN, | : | |
| Plaintiff, | : | 2:21-CV-1142-CDJ |
| v. | : | |
| SCOTT KRONE, | : | |
| Defendant. | : | |

**PLAINTIFF'S REPLY TO DEFENDANT'S STATEMENT OF ADDITIONAL FACTS**

Plaintiff Kimmelman hereby responds to Defendant Krone's "Statement of Additional Facts" as follows:

16. Admitted that Krone made the payments identified in subparts (a) through (j). Denied that Krone made the $2500 payment referred to in subsection (k) (*See* Kimmelman Reply Dec., attached as Ex. E, at ¶2).

17. Admitted.

18. Denied as stated. Krone's request was made after Kimmelman had filed suit against Krone in the Philadelphia Court of Common Pleas (*see* Docket Entries attached as Ex. F), and Kimmelman's response included a settlement demand as to a wholly separate transaction between the parties, referred to as the "Lawndale Platform," which is not at issue in the instant lawsuit. (*See* Krone Doc. p. 80050).

19. Denied as stated. The email speaks for itself; moreover, the reference to a "New Promissory Note" confirms this was a settlement discussion between the parties (*See* Krone Doc. p. 80022).

20. Admitted.

21. Admitted, except that this was in the context of a settlement negotiation, and that in any event, nothing in any of the emails suggests that Krone repaid the $225,000 principal balance due.

22. Denied that Kimmelman changed the loan terms. To the contrary, he was making a proposal to deal with Krone's failure to pay. (*See* Ex. 3 to Krone Dec.).

23. Denied that Kimmelman changed the loan terms. To the contrary, he was making a proposal to deal with Krone's failure to pay. (*See* Ex. 3 to Krone Dec.).

24. Admitted.

25. Denied as stated. The email speaks for itself. Further answering, this was in the context of the settlement discussion that included a transaction (the "Lawndale Platform") not at issue in the instant lawsuit, and which is not relevant to the amount Plaintiff is now seeking. (*See* Krone Doc. p. 80050).

26. Denied. Krone's own documents show that the monthly payments (exceeding $250,000--*see* ¶16 above) were for interest. (*See* Krone Doc. pp. 80027-80029). Moreover, Kimmelman has clearly stated the balance due and how it was calculated. (*See* Ex G hereto).

27. Further support is set forth in the accompanying Reply Memorandum, which is incorporated by reference.

                                              Respectfully submitted,

Dated: 6-15-21                       /s Michael LiPuma

                                      Michael LiPuma, Esq.
                                      Pa. Bar I.D. 74790
                                      325 Chestnut Street, Suite 1109
                                      Philadelphia, PA  19106
                                      (215) 922-2126
                                      mlipuma@lipumalaw.com

## CERTIFICATE OF SERVICE

I certify that on 6-15-21, I caused a copy of the foregoing document, together with all supporting papers, to be served by ECF upon the following:

> Stanley Edelstein, Esq.
> Fineman Krekstein & Harris
> 1801 Market Street
> Suite 1100
> Philadelphia, PA  19103

/s Michael LiPuma
Michael LiPuma, Esq.

**EXHIBIT E**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY KIMMELMAN,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT KRONE,<br><br>    Defendant. | 2:21-CV-1142-CDJ |

## REPLY DECLARATION OF GARY KIMMELMAN

GARY KIMMELMAN, of full age, hereby declares and states as follows:

1. I make this Reply Certification in further r support of my Motion for Summary Judgment.

2. Scott Krone contends that, on or about April 6, 2020, he paid a check for $2500 against the Note at issue in this lawsuit.

3. I never received any such payment, and I note there is no documentary proof of payment in Exhibit 1 to Mr. Krone's declaration, as he himself admits at ¶2(k) of his declaration.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 15, 2021.

/s/ Gary Kimmelman
Gary Kimmelman

# EXHIBIT F




Civil Docket Report

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 201101514 |
| **Case Caption:** | KIMMELMAN VS KRONE ETAL |
| **Filing Date:** | Tuesday, November 17th, 2020 |
| **Court:** | MAJOR NON JURY EXPEDITED |
| **Location:** | City Hall |
| **Jury:** | NON JURY |
| **Case Type:** | CONTRACTS OTHER |
| **Status:** | PRAECIPE TO DISCONTINUE |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | YOUNG, ROBERT L |
| **Address:** | 6950 CASTOR AVENUE PHILADELPHIA PA 19149 (267)565-8127 Robertcl.young@gmail.com | **Aliases:** | none | |
| 2 | 1 | | PLAINTIFF | KIMMELMAN, GARY |
| **Address:** | 9331 NEIL ROAD PHILADELPHIA PA 19115 | **Aliases:** | none | |
| 3 | | | DEFENDANT | KRONE, SCOTT |
| **Address:** | 631 LAKE AVENUE WILMETTE IL 60091 | **Aliases:** | none | |

| 4 | | | DEFENDANT | CODA HOLDING LLC |
|---|---|---|---|---|
| Address: | 600 WAUKEGAN ROAD NORTHBROOK IL 60062 | Aliases: | CODA BUILDING AND DESIGN | |
| | | | | |
| 5 | | | TEAM LEADER | SHREEVES-JOHNS, KAREN |
| Address: | 364 CITY HALL PHILADELPHIA PA 19107 | Aliases: | none | |
| | | | | |
| 6 | | | MOTION ASSIGMENT JUDGE | HILL, GLYNNIS |
| Address: | 1416 STOUT CENTER FOR CJ 1301 FILBERT ST PHILADELPHIA PA 19107 | Aliases: | none | |
| | | | | |
| 7 | | 1 | ATTORNEY FOR PLAINTIFF | LIPUMA, MICHAEL D |
| Address: | 325 CHESTNUT STREET SUITE 1109 PHILADELPHIA PA 19106 (215)922-2126 mlipuma@lipumalaw.com | Aliases: | none | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 17-NOV-2020 11:54 AM | ACTIVE CASE | | | 17-NOV-2020 01:46 PM |
| **Docket Entry:** | E-Filing Number: 2011027426 | | | |
| | | | | |
| 17-NOV-2020 11:54 AM | COMMENCEMENT OF CIVIL ACTION | YOUNG, ROBERT L | | 17-NOV-2020 01:46 PM |
| **Documents:** | Final Cover | | | |
| **Docket Entry:** | none. | | | |
| | | | | |
| 17-NOV-2020 11:54 AM | COMPLAINT FILED NOTICE GIVEN | YOUNG, ROBERT L | | 17-NOV-2020 01:46 PM |
| **Documents:** | Kimmelman Complaint.pdf | | | |

| | | | | |
|---|---|---|---|---|
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |
| | | | | |
| 17-NOV-2020 11:54 AM | WAITING TO LIST CASE MGMT CONF | YOUNG, ROBERT L | | 17-NOV-2020 01:46 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 09-MAR-2021 12:36 PM | ENTRY OF APPEARANCE | LIPUMA, MICHAEL D | | 09-MAR-2021 12:40 PM |
| **Documents:** | State Court Entry.pdf | | | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF MICHAEL D LIPUMA FILED. (FILED ON BEHALF OF GARY KIMMELMAN) | | | |
| | | | | |
| 09-MAR-2021 04:44 PM | PRAECIPE TO DISCONTINUE | LIPUMA, MICHAEL D | | 10-MAR-2021 08:42 AM |
| **Documents:** | Discontinuance.pdf | | | |
| **Docket Entry:** | ORDER TO DISCONTINUE WITHOUT PREJUDICE FILED. (FILED ON BEHALF OF GARY KIMMELMAN) | | | |

▶ Case Description    ▶ Related Cases    ▶ Event Schedule    ▶ Case Parties    ▶ Docket Entries

[ E-Filing System ]    [ Search Home ]    [ Return to Results ]

# EXHIBIT G

## LAW OFFICE OF MICHAEL LiPUMA
CONSTITUTION PLACE, SUITE 1109
325 CHESTNUT STREET
PHILADELPHIA, PENNSYLVANIA 19106
www.lipumalaw.com

MICHAEL D. LiPUMA, ESQ.
PHONE: 215-922-2126
FAX: 215-922-2128
mlipuma@lipumalaw.com

March 5, 2021

**BY EMAIL**
M. Reas Bowman, Esq.
Levin Ginsburg
180 North LaSalle Street
Suite 3200
Chicago, IL 60601

Re: **Kimmelman v. Krone**

Dear Mr. Bowman:

This follows up on our previous telephone call. The amounts that Mr. Krone owes under the Promissory Note are set forth below:

(1) Unpaid principal balance of **$225,000.**

(2) Statutory six percent (6%) interest from July 9, 2020 to March 9, 2021 of **$9,000** (225,000 x .06 = 13,500 per year = 1125 per month x 8 months). This amount continues to accrue.

(3) Attorneys' Fees and costs of **$11,375**. This amount also continues to accrue.

(4) Wire transfer fees of **$120**.

The total (through March 9, 2021) is **$245,495**.

**Mr. Krone should make full payment by no later than 5pm on Monday March 8, 2021.** By sending this letter, Mr. Kimmelman is not waiving any rights, all of which are expressly reserved. Mr. Krone's payment of these amounts is long overdue.

Sincerely,

Michael D. LiPuma

cc: Gary Kimmelman
    Stanley Edelstein, Esq.